UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHARTIS SEGUROS GUATEMALA, S.A.,

    Plaintiff,

vs.

SEABOARD MARINE, LTD., INC. and M.V.
DIANA J, *in rem*,

    Defendants.
_____/

# COMPLAINT

Plaintiff CHARTIS SEGUROS GUATEMALA, S.A., by and through its undersigned counsel, as and for its Complaint against Defendants SEABOARD MARINE, LTD., INC. and M.V. DIANA J alleges as follows:

1. This suit concerns water damage to a shipment of laptop computers that Defendants transported by ocean from Miami, Florida to Guatemala City, Guatemala.

## PARTIES AND STANDING

2. Plaintiff CHARTIS SEGUROS GUATEMALA, S.A. ("Plaintiff" or "Chartis") is an insurance company organized in Guatemala. Chartis brings this action on its own behalf and on behalf of its insured assigns and anyone else with an interest in the cargo at issue in this case.

3. Defendant SEABOARD MARINE, LTD., INC. ("Defendant" or "Seaboard") is, on information and belief, a corporation with its principal place of business in Miami, Florida.

4. Defendant M.V. DIANA J is a vessel in maritime commerce that is subject to a maritime lien and the *in rem* jurisdiction of this Court.

5. Defendant Seaboard, on information and belief, owns and/or operates the M.V. DIANA J.

## JURISDICTION AND VENUE

6. This is an admiralty and maritime claim within the meaning of Rule 9(h), and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

7. Additionally and alternatively, the Court has subject matter pursuant to 28 U.S.C. §§ 1331, 1332 & 1367.

8. This Court has personal jurisdiction over Defendant Seaboard because Seaboard maintains an actual presence in the State, and also because the claims in this suit arise out of Defendant Seaboard's activities in the State.

9. The M.V. DIANA J calls at ports within the jurisdiction of this Court and is subject to maritime arrest and the *in rem* jurisdiction of this Court.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## THE SHIPMENT

11. On June 21, 2011, or thereabout, Intcomex, Inc. ("Intcomex") tendered a shipment of 5,797 boxes of Hewlett-Packard laptop computers to Defendant Seaboard in Miami, Florida (the "Shipment"). The Shipment was to travel by sea to Guatemala City, Guatemala.

12. Defendant carried the Shipment on its vessel the M.V. DIANA J, voyage 37, from the Miami to Guatemala City under bill of lading number 2800762A.

13. The Shipment was delivered to consignee Intcomex de Guatemala, S.A. ("Intcomex Guatemala") on June 30, 2011.

14. On inspection, Intcomex Guatemala discovered that some of the computers in the Shipment had become wet.

15. Plaintiff Chartis insured the Shipment against loss or damage during transit.

16. Full inspection revealed that 527 of the computers in the Shipment had become wet and were unfit for sale.

17. The value of the damaged computers in the Shipment was $223,131.03.

18. Pursuant to the terms of its policy, Plaintiff Chartis paid its insured Intcomex Guatemala $200,817.92 for the damaged computers. Plaintiff is a fully subrogated insurer.

19. Plaintiff suffered further and additional damages, including but not limited to costs incurred to survey and investigate the loss at issue.

20. Defendant has granted Plaintiff an extension of the time to file suit up to and including June 30, 2013.

### FIRST CAUSE OF ACTION:
### CARRIAGE OF GOODS BY SEA ACT ("COGSA")

21. Defendant received the Shipment in good order and condition in Miami.

22. Defendant delivered the Shipment in damaged condition to the consignee in Guatemala.

23. Defendant is liable to Plaintiff pursuant to the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 note.

### SECOND CAUSE OF ACTION:
### BREACH OF CONTRACT

24. Defendant breached the contract of carriage and is liable to Plaintiff for Plaintiff's resulting losses.

### THIRD CAUSE OF ACTION:
### NEGLIGENCE

25. Defendant had a duty to exercise reasonable care in handling and safeguarding the Shipment, in hiring employees and contractors, and in developing procedures to protect the Shipment against foreseeable risks, such as the risk of damage by water.

26. However, Defendant failed to exercise reasonable care in performing these activities.

27. Plaintiff's loss results from Defendant's failure to exercise reasonable care.

## FOURTH CAUSE OF ACTION:
## BREACH OF BAILMENT

28. Defendant accepted possession and custody of the Shipment on June 21, 2011.

29. Defendant accepted possession and custody of the Shipment with the understanding that it would transmit the Shipment to the possession and custody of consignee Intcomex Guatemala in undamaged condition.

30. In order to allow Defendant to carry out its aforesaid obligations, Intcomex gave up possession and custody of the Shipment to Defendant.

31. However, Defendant turned over possession and custody of the Shipment to the consignee in damaged condition.

32. Plaintiff's damages result from the failure of Defendant to relinquish possession and control of the Shipment to Intcomex Guatemala in undamaged condition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

i. judgment against Defendant in the amount of $200,817.92, or such other or further amount as may be established;

ii. an order directing the arrest and/or attachment of the M.V. DIANA J and/or the property of the Defendant, on further application by Plaintiff;

iii. allowable fees and costs; and

iv. such other and further relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

-5-

Dated: Fort Lauderdale, Florida
June 29, 2013

By: /s/ Theresa Bennett
Theresa Bennett, Esq.
Fla. Bar No. 994080
500 SE 17th Street, Suite 323
Fort Lauderdale, Florida 33316
Tel: 954.463.4007
tb@theboatlawyer.com
*Attorney for Plaintiffs*